In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3112

YOSHIO OTO, Executor of the
Estate of Noboru Oto,

Plaintiff-Appellee,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

Defendant/Third-Party Plaintiff,

v.
ASHBY BEVERLEY,

Third-Party Defendant/Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 6666--Suzanne B. Conlon, Judge.

Argued June 1, 2000--Decided August 11, 2000

Before Bauer, Easterbrook and Manion, Circuit Judges.

Bauer, Circuit Judge.  Suzanne Oto's father and husband both claim the proceeds from her life insurance policy. The District Court ruled that the change of beneficiary form purporting to change the beneficiary from the father to the husband was a forgery and granted summary judgment for Noboru Oto, the father. Ashby Beverley, the husband, appeals. We affirm the District Court.

I.  BACKGROUND

On November 1, 1989, Noboru Oto purchased a $250,000 life insurance policy on the life of his daughter, Suzanne M. Oto ("Suzanne"), from Metropolitan Life Insurance Company. Oto was a 79 year-old-widower. Suzanne was unmarried and worked as her father's bookkeeper. Oto was the policy's owner and primary beneficiary and paid all of the policy's premiums until Suzanne's death on March 22, 1998.

Unbeknownst to Oto, on February 19, 1997, a

change of beneficiary form was executed. Although it bore his signature, Oto did not sign it./1 The form, sent to MetLife, changed ownership of the policy from Oto to Suzanne. It also changed the beneficiary from Oto to Ashby Beverley, Suzanne's then-boyfriend.

Suzanne and Beverley subsequently married. Although the record does not tell us when they were married, it was only five days before her death from breast cancer that Suzanne notified MetLife that she had married and her name was now Suzanne Beverley.

After Suzanne's death, both Oto and Beverley made claims to MetLife for the proceeds of the policy. Relying solely on the 1997 change of beneficiary form, MetLife refused payment to Oto. Oto sent MetLife an affidavit denying that he signed the change of beneficiary form and denying that he authorized any change in the ownership or beneficiary of the policy. However, MetLife still refused to pay him. He then brought this action against MetLife, seeking a declaration that the signature on the change of beneficiary form was a forgery and for the recovery of the proceeds of the policy. MetLife brought a third party action against Beverley and later deposited a check for the amount of the proceeds with the court, leaving Oto and Beverley to fight over the money.

At the same time that Oto was litigating this case he was also locked in conflict in state court with Beverley. The dispute was over the ownership of Oto's house. Beverley claimed that Oto signed a quit claim deed which gave the house to Suzanne and that the house passed to him upon Suzanne's death. Oto denied ever having signed the deed and claimed that the signature was a forgery./2

During the pendency of the state court case, Oto gave a deposition and was questioned regarding the signature on the change of beneficiary form in this case. He denied signing it. He also denied authorizing any change in the ownership or the beneficiary of the policy.

Before his deposition could be taken in this case, Oto died and his brother was substituted as plaintiff./3 Relying on the affidavit, the previous deposition testimony and the opinion of a handwriting expert, Oto moved for summary judgment. His motion was granted by the District Court. Beverley brought two motions for reconsideration, but both were denied. He appeals to us, claiming nine errors, ranging from errors committed by the District Court in considering some of Oto's evidence and errors in failing to consider some of his evidence, to claims that

material issues of fact exist and that the District Court was simply wrong for entering judgment against him and in denying his motions for reconsideration. We must determine whether there exists any genuine issue of material fact and whether Oto is entitled to judgment as a matter of law. We believe that there is not and that he is.

II.  DISCUSSION

We review the District Court's grant of summary judgment under the familiar de novo standard, drawing all reasonable inferences in favor of the non-movant. Vakharia v. Swedish Covenant Hospital, 190 F.3d 799, 805 (7th Cir. 1999); Johnson v. Zema Systems Corp., 170 F.3d 734, 742 (7th Cir. 1999). In order to overcome summary judgment, Beverley must show specific facts sufficient to raise a genuine issue for trial. See Fed.R.Civ.Pro. 56(c); Vakharia, 170 F.3d at 805. "A genuine issue for trial exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole." Roger v. Yellow Freight System, Inc., 21 F.3d 146, 149 (7th Cir. 1994).

A.  Evidentiary Issues

Oto relies on three pieces of evidence to establish that his signature was forged on the change of beneficiary form: an affidavit in which he states that he neither authorized a change in the beneficiary of the policy nor signed the form, a deposition in which he testifies he did not sign any documents transferring ownership of the policy to his daughter or beneficiary status to Beverley, and the opinion of a handwriting expert that the signature on the change of beneficiary form is a forgery. Beverley challenges each of these. Those evidentiary challenges require only a brief discussion.

Beverley argues that the District Court should not have considered Oto's affidavit in ruling upon the motion for summary judgment because the affidavit is inadmissible hearsay. Oto's affidavit stated in pertinent part:

--I have since become aware that a Standard Change of Beneficiary Form was submitted to MetLife which attempts to change the ownership of the policy to Suzanne Oto and the beneficiary to Ashby Beverley. I have now been furnished with a copy of that document by MetLife which purportedly has my signature on it. A copy of that which I was furnished is attached to this affidavit as Exhibit "I."

--I did not sign Exhibit "I."

--I did not sign any Standard Change of
Beneficiary Form.

--I did not authorize any change of ownership,
nor did I authorize a change of beneficiary of
the policy in question.

Beverley claims that this affidavit is
inadmissible hearsay because Oto ("the dead
plaintiff") is unavailable to testify and because
he "never had an opportunity to cross-examine him
about the affidavit." This latter argument is
clearly rebutted by the facts in the record. Oto
was deposed in the state court action and
Beverley's attorney questioned him about the
signature on the change of beneficiary form:

Q. Okay. Mr. Oto, I am showing you what has been
marked as Defendant's Exhibit No. 1. This is a
Metropolitan Life standard change of beneficiary
form. And I am going to ask you, is that your
signature on that form dated 2/19/97?

A. No.

Q. Do you know whose signature that is?

A. No.

Q. Have you ever seen this document before?

A. No.

Q. Didn't you sign a document signing over
ownership of your daughter's life insurance
policy to her?

A. No.

As this colloquy makes clear, Beverley's attorney
did have an opportunity, and in fact did,
question Oto on the substance of his affidavit.
His argument in that regard fails.

    Beverley's other argument, that the affidavit
should not have been considered by the District
Court in ruling on the motion for summary
judgment because Oto is now unavailable to
testify, is actually a challenge to the
affidavit's admissibility at trial. To mix the
two would require us to read a "cross-
examination" requirement into Rule 56 that is not
there. Certainly, the affidavit would not be
admissible at trial unless he were able to cross-
examine Oto as to its contents. A motion for
summary judgment brought under Federal Rule of
Civil Procedure 56, however, has no such
requirement. Rule 56 merely provides for the

submission of affidavits in support of or opposition to a motion for summary judgment. As long as the affidavit meets the requirements of subsection (e), it can be considered by the District Court in ruling on the motion, much the same that answers to interrogatories or depositions (which may contain inadmissible material) can be considered by the court. Since Oto's affidavit was "in the precise form" contemplated by Rule 56, was made under oath and based upon his personal knowledge, we hold that the District Court did not err in considering its contents in ruling on the motion for summary judgment.

As for Beverley's objection to the District Court's reliance on Oto's deposition testimony for the same reasons, we simply note that the deposition qualifies as former testimony of a now unavailable witness under Federal Rule of Evidence 804(b)(1). Beverley's other attack on the deposition, that it is unreliable because the copy of the transcript in the record includes as Exhibit 1 an application for insurance, rather than the disputed change of beneficiary form, is equally meritless. It is abundantly clear from the questioning during the deposition that there was no misunderstanding as to what document was being discussed. It was referred to by both name and date in counsel's question (see above). This error in the marking or attachment of this exhibit does not cause us to overturn the District Court's grant of summary judgment for we do not believe it confused anyone or caused the District Court to enter an improper judgment.

B.  Genuine Issues Of Material Fact

Beverley's next series of arguments focus on evidence he believes create a genuine issue of material fact precluding summary judgment. He points to portions of Oto's deposition testimony in which Oto testified that he did not remember whether he "ever signed any papers for Metropolitan Life with respect to [his] daughter's life insurance policy" and that he did not have any "assets." It is not surprising that Oto, a survivor of the World War II relocation camps, did not know that the life insurance policy was an asset. He probably did not have the financial sophistication to know that the policy was an asset. Nor did he likely have the business acumen to recall what papers he signed in connection with the life insurance policy. Clearly, there would have been many papers to be signed in applying for the policy and we do not believe that he remembered what all of those papers were. Regardless of what papers were involved, we believe he would have remembered authorizing the change of the ownership and

beneficiary of the policy. And that was the import of the question. Oto's testimony unequivocally established that he had done nothing to remove himself as owner or beneficiary of the policy. We do not believe that either of these facts championed by Beverley establish a genuine issue of material fact.

Beverley also attempts to overturn the judgment in favor of Oto by pointing to the deposition testimony of Oto's handwriting expert. Oto's expert examined twelve known signatures of Oto, including the signature on his affidavit and a signature taken from him during his deposition, and compared them to the signatures on the change of beneficiary form and the quit claim deed. She concluded that the signatures on the disputed documents were not written by Oto. In short, she concluded they were forgeries. She prepared a written report to that effect and gave similar testimony during her deposition. However, the transcript that was prepared contained an answer that said the person who signed the 12 known signatures "is" the same person who signed the change of beneficiary form at issue in this case. The expert corrected her testimony on the errata sheet and added the word "not," putting her testimony back in line with her previously disclosed opinions. Beverley argues that this one misstatement or typographical error is enough to preclude summary judgment. We disagree and see it for what it is, either a misstatement or a typographical error. All of the expert's opinions had been consistent: the change of beneficiary form and quit claim deed were not signed by Oto. It would hardly make sense for her to maintain that opinion in all places except for one sentence in a multi-page deposition. As such, we agree with the District Court that the one statement by the handwriting expert was not enough to create a genuine issue of material fact.

C.  Motion For Reconsideration

Beverley brought two motions for reconsideration. The District Court denied both. To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Sedrak v. Callahan, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997). Contrary to this standard, Beverley's motions merely took umbrage with the court's

ruling and rehashed old arguments. They did not demonstrate that there was a disregard, misapplication or failure to recognize controlling precedent. As such, they were properly rejected by the District Court.

Beverley, in addition to contending that the court was wrong to deny his motions, contends that the District Court abused its discretion in refusing to consider the "newly discovered" evidence presented in the form of an affidavit attached to one of the motions. This "newly discovered" evidence was an affidavit from an former Oto employee stating that he was familiar with Oto's signature, had reviewed the change of beneficiary form and believed that signature to be Oto's.

A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier. Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). Beverley tells us that he discovered this witness only by "sheer coincidence." The District Court rejected this "new evidence," stating that Beverley made no showing why, through reasonable diligence, he could not have located this witness earlier.

We wonder the same thing. The lawsuit was filed in September, 1998 and Beverley did not locate this employee until nine months later, more than two months after discovery closed. He claims it is because Oto's death made it impossible to learn the identities of his employees. We do not believe that is a valid excuse as he could have asked Oto for the names of former employees during Oto's deposition or he could have subpoenaed Oto's business records. Given the ease with which either of these things could have been done, it cannot be said that Beverley exercised due diligence. All of the arguments and facts in this case were or should have been available to Beverley prior to the District Court's original ruling. Therefore, the District Court did not abuse its discretion is refusing to receive new evidence at this late stage.

Beverley's motions for reconsideration did little more than rehash old arguments. Rule 59 is not a vehicle for rearguing previously rejected motions and, as that is what Beverley attempted to do, we affirm the District Court's denial of those motions./4

III. CONCLUSION

Oto's motion for summary judgment was properly granted because there existed no genuine issue of material fact that the signature on the change of

beneficiary form was a forgery. All of the evidence submitted to the District Court bore this out. Beverley's contentions that the evidence relied upon by the District Court was inadmissible and that questions of fact exist are not supported by the record. For those reasons, we affirm the judgment of the District Court.

AFFIRMED.


/1 Suzanne signed the form as a witness, but her untimely death makes it impossible for her to tell us who actually signed the change of beneficiary form.

/2 Cook County Circuit Court Judge Lester Foreman held, in Case No. 98 CH 1770, that the signature purporting to be Noboru Oto's on the quit claim deed was indeed a forgery.

/3 Our references to "Oto" when discussing the facts continue to refer to Noboru Oto and not his brother and executor, Yoshio Oto.

/4 Beverley also presents an argument that the District Court abused its discretion in striking his affidavit. We find that no abuse of discretion occurred.