In the Matter of Carl P.
AMARI, Debtor.

Media House Productions,
Inc., Plaintiff

v.

Carl P. AMARI, Defendant.

Bankruptcy No. 11 B 23399.
Adversary No. 12 A 00979.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Signed Feb. 25, 2014.

Nathaniel Cutler, Lucas Fuksa, Fuksa Khorshid, LLC, Chicago, IL, for Media House Productions, Inc.

Robert R. Benjamin, Beverly A. Berneman, Anthony J. D'Agostino, Golan & Christie, LLP, Chicago, IL, for Defendant, Carl P. Amari.

**OPINION ON PLAINTIFF'S MOTION TO "RECONSIDER" COURT ORDERS OF JANUARY 27, 2014 (Docket No. 165) AND JANUARY 30, 2014 (Docket No. 168)**

JACK B. SCHMETTERER,
Bankruptcy Judge.

Following discovery disputes between the parties, an order of this Court for sanctions of $10,200 was imposed against the Defendant on December 30, 2013 (Docket No. 155) was later altered and amended by Order of January 30, 2014 (Docket No. 168) reducing the sanction to $5,200. On a motion by defendant a discovery sanction of $1,968 was imposed against the plaintiff by order of January 27, 2014 (Docket No. 165).

Plaintiff now moves the Court to "reconsider" those two orders. While there is no rule by which a judge is called on to "reconsider" a ruling, there is Rule 59 Fed.R.Civ.P. [adopted by Rule 9023 Fed.

R.Bankr.P.] by which a court may be called on to alter or amend an earlier judgment. The two motions by Plaintiff's counsel to "reconsider" the orders in issue recognized and discussed this procedure, and so both motions to "reconsider" will be treated under Rule 59 as a motion to alter or amend the two orders involved.

■ Movant's burden under that Rule is to show that the orders under attack were based upon some manifest mistake of law or error of fact. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000). As shown below, no mistake of fact or error of law has been demonstrated for either order that has been questioned.

### Order of January 27, 2014 (Docket No. 165)

The January 27, 2014, the order in issue reduced an earlier award of $10,200 in discovery sanctions against Defendant awarded under Rule 37 Fed.R.Civ.P. [Rule 7037 Fed.R.Bankr.P.] to $5,000. That was done on Defendant's Motion to alter or amend the earlier sanction amount under Rule 59, and followed oral argument of counsel on the motion.

Plaintiff now argues two grounds for vacating the orders that reduced the sanction amount: First, that the Defendant's motion to alter the sanction under Rule 59 came too late and was untimely under that Rule, so that this Court made an error of law in entertaining Defendant's Motion; and second, that the issue raised by Defendant on its Motion to reduce the earlier sanctions was not based on newly discovered evidence but has raised a new and belated issue. That argument that the court had not earlier considered sought to eliminate from sanctions certain work done by Plaintiff's counsel that would have been required even if Defendant had not delayed discovery production.

The original sanction order of December 30, 2013, for $10,200 (Docket No. 155) ordered full payment of that sanction within 21 days, and further provided that a judgment in that amount would be entered if it were not paid by the deadline. Defendant's motion to alter or amend that sanction was presented before that judgment was entered.

■ The argument as to untimeliness rests upon the wording of Rule 59 which requires that a motion to alter or amend must be filed no later than 14 days after entry of "judgment." The order at issue here was entered on motion presented before any "judgment" had been entered on the sanction order, and therefore that motion was not time barred.

The factual grounds argued in the Defendant's motion to reconsider the sanction amount was touched on in its objection to the original sanction order but not then fully considered by this court. Viewing that as a mistake of fact by the court in entering the larger earlier sanction, it was more fully considered and the sanction reduced accordingly. Rule 59 is intended to allow correction of factual errors by the court and that was properly done to reduce the discovery sanctions to a more appropriate amount.

### Order of January 30, 2014 (Docket No. 168)

■ The January 30, 2014, Order imposed discovery sanctions on Plaintiff in amount of $1,968. The instant motion seeks to alter or amend that order by vacating it, arguing that there was no "certification" by Defendant's counsel as required by Rule 37(a) Fed.R.Civ.P. [Rule 7037 Fed.R.Bankr.P.] before entry of any discovery sanctions. The required "certification" by counsel serves the purpose of showing that moving counsel for discovery sanctions has thoroughly attempted to obtain cooperation of the other side in discovery before seeking a sanction for failure to give requested discovery.

■ In this case, Defendant's counsel demonstrated, by appending copies of his communications with Plaintiff's counsel, his thorough effort to obtain such cooperation. Those communications documented the lack of satisfactory response by Plaintiff counsel to the discovery requests. This court was thereby satisfied that a proper effort had been made by Defendant's counsel to obtain discovery cooperation and compliance by Plaintiff but such cooperation had not been forthcoming. Therefore, the purpose of the certification required by Rule 37 had been served. Also, it appeared that the signing by counsel of pleadings describing and attaching such communications was tantamount to a certification. Indeed, an attorney signing every pleading "certifies" to it as having a basis for factual truthfulness of all allegations. Rule 9011(b) Fed.R.Bank.P. Plaintiff now argues that this Court had no authority to enter a sanction under Rule 37 in the absence of another designated "certification" by counsel that was actually labeled "certification" of facts showing a need for sanctions.

■ A court has discretion to determine whether the showing made by a movant for discovery sanctions under Rule 37 (or relief under Rule 26(c) which requires a similar "certification") demonstrates a refusal by the other side to cooperate in an effort to resolve the dispute without court action. The Magistrate Judges of this District who supervise discovery disputes in the District Court have shown the need to read the "certification" requirement so as to accept description of thorough efforts and real refusals as adequate. *See Mintel Int'l Group, Ltd. v. Neerghes* 2008 WL 49367 U.S. (Magistrate Judge Valdez, N.D. Ill.2008); *Pfizer, Inc. v. Apotex, Inc.,* 744

F.Supp.2d 758, 763 (Magistrate Judge Ashman, N.D. Ill.2010), and *Sulfuric Acid Antitrust Litigation* 231 F.R.D. 351, 367 (N.D.Ill.2005). The exercise of discretion in passing on the Defendant's Motion without use of the label "certification" when there was a certification in fact and under Rule 9011(b) was not an error.

## *CONCLUSION*

Both parties here were slothful and uncooperative in their initial response to discovery requests, but later concentrated on great efforts and long briefs to avoid or reduce sanctions. Those disputes over sanctions were all too costly in time and likely expense instead of cooperating to prepare for trial in this rather involved adversary proceeding. The instant motion which is without merit is only the latest and hopefully the last such effect.

For reasons set forth above, the motion to alter or amend the orders of January 27, 2014 and January 30, 2014 will by separate orders be denied.