**FACTOR KING, LLC**

v.

**BLOCK BUILDERS, LLC, et al.**

**CIVIL ACTION NO.:14–00587–BAJ–RLB**

United States District Court, M.D. Louisiana.

Signed June 24, 2016

Filed June 27, 2016

Stephen Davis Marx, Chehardy, Sherman, Metairie, LA, Bruce E. Loren, Jocelyne A. Macelloni, Loren Law Firm, Palm Beach Gardens, FL, for Factor King, LLC.

Raymond Gray Sexton, Eric Todd Hebert, Jodi Bauer, Law Offices of R. Gray Sexton, Baton Rouge, LA, for Block Builders, LLC, et al.

## RULING AND ORDER

BRIAN A. JACKSON, CHIEF JUDGE, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF LOUISIANA

Before the Court are cross motions to alter or amend judgment filed by Plaintiff Factor King, LLC ("Factor") and Defendant Block Builders, LLC ("Builders"). (Docs. 85, 86). The motions are unopposed. Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1332. For the reasons assigned, the motions are **DENIED**.

## I. BACKGROUND

On February 29, 2016, this Court issued an Order and Ruling (Doc. 82) granting in part and denying in part Factor's and Builders' cross motions for summary judgment. Relevant for the purposes of the subject motions are the Court's findings that: (1) third party subcontractor, BMP Construction, LLC ("BMP"), validly assigned its accounts receivable to Factor subject to a provision in the subcontract that required progress payments to be made to third party suppliers before BMP; and (2) Builders failed to produce any evidence of the damages sustained as a result of BMP's impartial performance on the work reflected on Invoice # 17.

Factor and Builders timely filed the subject motions pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), seeking the reconsideration and reversal of portions of the Order and Ruling. Specifically, Factor moves the Court to find that the Invoice Letter was an enforceable contract that permitted it to receive $215,077.82 from Invoice # 7, independent of the terms in the subcontract. (Doc. 85). Builders moves the Court to find that it was not required to prove damages for BMP's impartial performance because the subcontract entitled it to unilaterally reduce Invoice # 7. (Doc. 86).

## II. LEGAL STANDARD

■ "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence'" and cannot be used to "raise issues that 'could, and should, have been made before the judgment issued.'" *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

 A " 'manifest error' is not shown by the 'disappointment of the losing party,' " rather it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Shaw v. Broadcast.com, Inc.*, No. 98–cv–2017–P, 2005 U.S. Dist. LEXIS 34553, at *5 (N.D. Tex. Dec. 20, 2005) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in the appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law" (citation and internal quotation marks omitted)). Courts have significant discretion in deciding whether to grant a motion to reconsider under Rule 59(e). *Templet*, 367 F.3d at 479. Nevertheless, granting a motion for reconsideration is "an extraordinary remedy that should be used sparingly." *Id.* Thus, in determining whether to grant a motion to reconsider, courts must balance "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id.*

## III. DISCUSSION

### A. FACTOR'S RULE 59(e) MOTION

Factor seeks to alter the judgment on the grounds that the Court failed to find that the Invoice Letter was an independent, enforceable agreement. (Doc. 85–1 at p. 2). Factor further contends that it is not bound by the Joint Payment Agreements between Builders, BMP, and the third party suppliers, and that the parties' conduct did not establish a course of dealing. (*Id.* at pp. 5–7). The Court shall clarify its ruling on the enforceability of the Invoice Letter and the binding effect of Joint Payment Agreements. The Court shall not, however, address Factor's course of dealing argument because Factor has not presented new evidence or directed the Court to a manifest error of law, and clarification is not needed.[1]

#### i. Invoice Letter

 Factor argues that the Invoice Letter was a contractually binding agreement between Factor and Builders. (Doc. 85–1 at p. 4). Factor contends that the Court overlooked language in Louisiana Revised Statute § 10:9–404 ("§ 10:9–404") that states "[u]nless an account debtor has made an enforceable agreement not to assert defenses or claims," the rights of an assignee are subject to all terms of the agreement between the account debtor and assignor. (*Id.* at p. 2); La. R.S. § 10:9–404(a). The Court, however, did not overlook this portion of the statute as Factor suggests. Rather, the Court read § 10:9–404 in light of Comment 2, which

1. Factor's course of dealing argument rehashes the same arguments advanced by Factor during the summary judgment stage of these proceedings. Namely, Factor contends that Invoice # 6 differed from Invoice # 7 because BMP disclosed the amount due to the suppliers before Invoice # 6 was purchased. Doc. 85–1 at p. 7. As the Court previously noted, Factor could have discovered this information with due diligence as the subcontract and Invoice # 6 placed it on notice. Doc. 82 at p. 9. The Court did not, as Factor now represents, find that BMP's failure to disclose the suppliers was harmless error. *See* Doc. 85–1 at p. 8. The Court is keenly aware that the genesis of this dispute is BMP's failure to disclose. As recognized by Factor, it would not have purchased the entirety of Invoice # 7 if BMP disclosed the amount due to the suppliers. *Id.* at 7. Although Factor contends that Builders misled it by not listing the suppliers on the Invoice Letter, that contention is controverted by the language contained in the letter. The Invoice Letter only required Builders to list "all lienors," *see* Doc. 58–3 at p. 42, and the record is devoid of any indication that the suppliers filed liens against Builders pursuant to the Louisiana Private Works Act, La. R.S. § 9:4801 *et seq.*, or any other applicable law.

states "[o]f course an account debtor may waive its right to assert defenses or claims against an assignee under Section 9–403 or other applicable law." La. R.S. § 10:9–404 cmt 2. And under Louisiana Revised Statute § 10:9–403, only agreements between an account debtor and an assignor are contemplated, not an agreement between an account debtor and an assignee.

Nevertheless, the enforceability of the Invoice Letter was subject to the terms of the subcontract and was limited to BMP's accounts receivable. Articles 12.1 and 12.2 of the subcontract required that all assignments be subject to the provisions therein. (Doc. 58–3 at p. 11). Furthermore, according to the Notices of Assignment and the Invoice Letter, BMP only assigned its accounts receivable. (Doc. 58–3 at pp. 37–42). An account receivable is "[a]n account reflecting a balance owed by a debtor; a debt owed by a customer to an enterprise for goods or services." *Account Receivable*, Black's Law Dictionary (10th ed. 2014). BMP's accounts receivable were limited to the debt it was owed, exclusive of the debt owed to the suppliers. Although BMP submitted Invoice # 7 in globo, its account receivable on the invoice was the net of the sum due to the suppliers.

Lastly, Factor's reliance on *Commercial Capital Holding Corp. v. Team Ace Joint Venture*, No. CIV. A. 99–3040, 2000 WL 726880 (E.D. La. June 2, 2000),[2] does not account for a crucial factual distinction. Unlike here, *Commercial Capital* did not involve third party suppliers who were provided a right to precursory payments under the underlying subcontract. If the Court followed *Commercial Capital*, as Factor urges the Court to do, the Court would be required to ignore the rights of the suppliers, as bargained for, and award Factor a sum in excess of BMP's account receivable.

### ii. Joint Payment Agreements

■ Factor asserts that, under Louisiana Revised Statute § 10:9–405 ("§ 10:9–405"),[3] it is not bound by the Joint Payment Agreements between BMP, the suppliers and Builders. (Doc. 85–1 at p. 6). Section 10:9–405 provides in pertinent part:

(a) **Effect of modification on assignee.** A modification of or substitution for an assigned contract is effective against an assignee if made in good faith. The assignee acquires corresponding rights under the modified or substituted contract . . . .

(b) **Applicability of Subsection (a).** Subsection (a) applies to the extent that:

(1) the right to payment or a part thereof under an assigned contract has not been fully earned by performance; or

(2) the right to payment or a part thereof has been fully earned by performance and the account debtor has not

---

2. In *Commercial Capital,* the plaintiff was the assignee of a subcontractor's accounts receivable pursuant to a factoring agreement. 2000 WL 726880, at *1. On seventy-one occasions, the defendant general contractor signed Invoice Acknowledgment Agreements ("Agreements") that waived the defendant's right of setoff, defense, counterclaim, or recoupments. *Id.* The defendant disputed the enforceability of forty-two Agreements on the grounds that its project managers did not have the apparent authority to sign. *Id.* at *3. The court found that there was an established course of

dealing between the parties that made it reasonable for the plaintiff to believe the project managers had apparent authority. *Id.* at *5–*6. The court also found that the Agreements were not ambiguous and enforceable. *Id.* at *6.

3. Factor also cites Article 3164 of the Louisiana Civil Code ("art. 3164") for the same proposition. Art. 3164 pertains to the modification of a contract involving a pledged obligation, which is not at issue here.

received notification of the assignment under R.S. 10:9–406(a).

La. R.S. § 10:9–405(a)–(b).

Factor contends that it is not bound by the Joint Payment Agreements because payment was fully earned and Builders was on notice of the assignment. (Doc. 85–1 at p. 6). If the Court accepted Factor's representation that payment was fully earned,[4] the Joint Payment Agreements would still be effective against Factor because they were executed before Builders received notice of the assignment.

The record demonstrates that BMP entered into the Factoring and Securing Agreement on August 20, 2013, (Doc. 58–3 at pp. 20–36), and that the first Notice of Assignment was sent to Builders on December 20, 2013, (Doc. 58–3 at p. 37). Before the first Notice of Assignment was sent, Builders, BMP, and five suppliers entered into Joint Payment Agreements on September 17, 2013, December 11, 2013, and December 12, 2013. (*See* Docs. 61–2, 61–3, 61–4, 61–5, 61–6). While it is true that the Joint Payment Agreements were executed after the Factoring and Securing Agreement, the Joint Payment Agreements were executed *before* Builders received notification of the assignment. Therefore, the Joint Payment Agreements are effective against Factor under § 10:9–405.

## B. BUILDERS' RULE 59(e) MOTION

■ Builders contends that the Court failed to recognize that Louisiana law and the subcontract entitled it to ensure that BMP was not paid for work not performed. (Doc. 86–1 at pp. 1–2). In support, Builders submitted a copy of Change Order # 7 and a "revised" Subcontractor Application, which were not previously filed into the record. (*See* Doc. 86–2 at pp.

21–25). Builders does not—and in fact cannot—represent that these documents are newly discovered evidence. The alterations in the documents were created by Builders, (Doc. 57 at ¶ 21), and the documents should have been reasonably in its possession. Therefore, the Court declines to consider the documents as they do not constitute "newly discovered evidence." *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 535 (5th Cir. 2015) (affirming the denial of a Rule 59(e) motion based on newly discovered evidence because the evidence was not "the type of 'new evidence' that a truly diligent litigant would be powerless to unearth prior to summary judgment" (internal quotation marks omitted) (quoting *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995)).

■ Builders also cites to specific provisions in the subcontract and to Louisiana case law referencing contract interpretation. (Doc. 86–1 at p. 4). Builders contends that the Court failed to consider the cited provisions; however, Builders did not cite to any such provisions in any of its prior court filings. The Court "*need* consider only the cited materials, but it *may* consider other materials in the record." Fed. R. Civ. P. 56(c)(3) (emphasis added). Builders had a full opportunity to cite to these provisions during the summary judgment phase, but it failed to do so. *See Advocare Int'l LP*, 524 F.3d at 691 (finding that Rule 59(e) cannot be used to "raise arguments that could, and should, have been made before the judgment issued"). Moreover, the case law now cited by Builders does not evince a manifest error of law, but represents Builders' attempt to avail itself of a previously available, yet unprevailing argument.

---

4. The Court cannot opine as to the finality of performance on Invoice # 7 because the record is unclear as to when payment was fully earned.

Rule 59(e) is not a second bite at the summary judgment apple. During the summary judgment phase, Builders only conclusory stated that the "work BMP listed on payment application number 7 was not complete." (Doc. 61 at p. 6). This was not enough. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (stating that conclusory allegations and unsubstantiated assertions are not enough to defeat summary judgment). The summary judgment standard requires an adverse party to "set forth specific facts" demonstrating a genuine dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Builders' post hoc attempt to satisfy the summary judgment standard in its Rule 59(e) motion is untimely and procedurally unavailing.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Factor King, LLC's **Rule 59 Motion for Alter or Amend Judgment (Doc. 85)** and Block Builders, LLC's **FRCP Rule 59(e) Motion to Alter or Amend Judgment (Doc. 86)** are **DENIED.**