[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11287
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00695-VEH

ROGER SHULER,
CAROL SHULER,

Plaintiffs-Appellants,

versus

JESSICA MEDEIROS GARRISON,
LUTHER J. STRANGE, III,
individually and in his official capacity as Alabama attorney general,
BILL BAXLEY,
LIBERTY DUKE,
CHRISTINA CROW, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 5, 2017)

Before TJOFLAT, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

On April 29, 2016, Plaintiffs-Appellants Roger Shuler and Carol Shuler, proceeding *pro se*,[1] filed a ten-count complaint against twenty-eight defendants, alleging a host of federal and state claims arising from the foreclosure of their home. The Shulers later filed their First Amended Complaint on July 8, 2016, in which they substituted a defendant for its parent company and added a twenty-ninth defendant (collectively, Defendants-Appellees).

On January 13, 2017, District Court Judge Proctor dismissed the Shulers' First Amended Complaint with prejudice. The Shulers then, on February 9, filed three motions: a motion for leave to amend their complaint under Federal Rule of Civil Procedure 15, a motion to alter or amend the Court's judgment under Rule 59(e), and a motion seeking recusal of Judge Proctor and "all judges in the Northern District of Alabama and in the U.S. Eleventh Circuit Court of Appeals." Judge Proctor denied the motion to recuse on February 23, but nonetheless recused himself for reasons unrelated to the arguments made in the Shulers' motion. The case was reassigned to Judge Hopkins of the Northern District of Alabama. In an order dated February 27, 2017, Judge Hopkins denied the Shulers' Rule 15 and Rule 59(e) motions.

---

[1] The Shulers also proceed *pro se* in this appeal.

2

The Shulers made two additional motions on March 13.  First, they moved again for all Northern District of Alabama and Eleventh Circuit judges to be recused.  Next, under Rule 60, they moved for all of Judge Proctor's orders to be vacated and for Judge Hopkins' order denying their Rule 59(e) motion to be vacated.[2]  Judge Hopkins denied both motions in a March 17 order.

The Shulers filed a notice of appeal on March 22, stating,

> Plaintiffs . . . hereby appeal to the United States Court of Appeals for the Eleventh Circuit from the order dated 2/27/17 (Doc. 169) denying the Shulers [sic] Rule 59 Motion to Reconsider (Doc. 156, 2/9/17).

In their appellate brief, however, the Shulers challenge three rulings outside the scope of their notice of appeal:  Judge Proctor's order dismissing their complaint, Judge Hopkins' February 27 order insofar as it denied their Rule 15 motion, and Judge Hopkins' order denying their Rule 60 motion.  Defendants-Appellees contend that under Federal Rule of Appellate Procedure 3(c) and related case law, we have jurisdiction over only the District Court's denial of the Shulers' Rule 59(e) motion.  We agree.

"The notice of appeal must . . . designate the judgment, order, or part thereof being appealed."  F. R. App. P. 3(c); *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987).  "Where the appellant notices the appeal of a

---

[2] The Shulers argued that all of Judge Proctor's orders were issued despite a conflict of interest and thus should be vacated.  Further, because Judge Hopkins' denial of their Rule 59(e) motion relied upon Judge Proctor's order dismissing their complaint, it too should be vacated.

3

specified judgment only or a part thereof," moreover, "this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." *C. A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981).[3]  Otherwise, because the intent to appeal is not clear, prejudice would likely fall upon the adverse party. *Id.* But we also recognize that "the Federal Rules of Appellate Procedure 'were not adopted to set traps and pitfalls by way of technicalities for unwary litigants.'" *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988) (quoting *Des Isles v. Evans*, 225 F.2d 235, 236 (5th Cir. 1955)).  We may thus show some leniency when an appellant's exhibited intent is contrary to a technical mistake that would otherwise impede his appeal. *See Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1374–75 (11th Cir. 1983); *C. A. May Marine*, 649 F.2d at 1056.  This is especially so for *pro se* litigants. *See Finch*, 845 F.2d at 259–60.

The Shulers' notice of appeal specifies with precision what they are appealing, down to the relevant dates and docket numbers.  This specificity indicates that appealing only the denial of their Rule 59(e) motion was not a technical mistake; their notice of appeal does not illustrate intent to bring a broader appeal. *See Pitney Bowes*, 701 F.2d at 1374–75.  Further, allowing the Shulers'

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

4

brief to dictate the scope of this appeal would be unfair to the Defendants-Appellees, who from the notice of appeal could derive only that the Rule 59(e) motion was at issue.  This appeal is therefore limited to the District Court's denial of the Shulers' Rule 59(e) motion.  We turn now to this ruling.

We review the denial of a Rule 59(e) motion for an abuse of discretion. *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985).  A Rule 59(e) motion may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  Rather, "[t]he only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." *Id.* (internal quotation marks omitted).  A manifest error is one that amounts to a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *see also Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004) (defining manifest error as an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law").

Here, the District Court characterized the Shulers' Rule 59(e) motion as "nothing more than an attempt to reargue [their] previously dismissed claims."  It accordingly denied the motion. *Cf. Arthur*, 500 F.3d at 1343.  Having reviewed the

5

Shulers' Rule 59(e) motion and arguments on appeal,[4] we agree with the District

Court's characterization.  The District Court thus did not abuse its discretion when

denying the Shulers' Rule 59(e) motion.

**AFFIRMED.**

---

[4] The Shulers' appellate brief is dedicated primarily to arguing that the District Court erred in dismissing their complaint, which is not on appeal.  They do contend that their Rule 59(e) motion should have been granted because, in dismissing their complaint, the District Court employed the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), which they assert is no longer followed.  *Twombly*, however, remains good law in this Circuit.  *See Hoefling v. City of Miami*, 811 F.3d 1271, 1276 (11th Cir. 2016).

The Shulers also argue that a conflict of interest rendered Judge Proctor disqualified before he dismissed their complaint.  Thus, because Judge Hopkins' order relied on Judge Proctor's dismissal, it must be vacated under *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S. Ct. 2194 (1988).  *See supra* note 2.  This is a Rule 60 challenge and we have no jurisdiction over the District Court's denial of the Shulers' Rule 60 motion.