In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3307

DEVON FRIEND f/k/a DEVON HODGES,

*Plaintiff-Appellant*,

*v.*

VALLEY VIEW COMMUNITY UNIT
SCHOOL DISTRICT 365U, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 8418 — **Ronald A. Guzmán**, *Judge*.

ARGUED JANUARY 21, 2015 — DECIDED JUNE 12, 2015

Before BAUER, FLAUM, and WILLIAMS, *Circuit Judges*.

BAUER, *Circuit Judge.*  Plaintiff-appellant, Devon Friend, formerly known as Devon Hodges, once a standout Illinois high school basketball player, filed suit under 42 U.S.C. § 1983 against Valley View Community School District 365U and various administrators, teachers, and coaches employed by the

School District,[1] as well as the Illinois High School Association ("IHSA") and its Executive Director Martin Hickman. Friend's third amended complaint raised six claims: First Amendment retaliation, equal protection (class of one), substantive due process, unconstitutional policy or custom (*Monell*), § 1983 conspiracy to violate his constitutional rights, and indemnification under the Illinois Tort Immunity Act, 745 ILCS 10/9-102.

At the close of discovery, both the School District and IHSA defendants moved for summary judgment. In his summary judgment order, the district court judge determined that Friend failed to comply with Northern District of Illinois Rule 56.1. Because of this failure, the court deemed admitted all of the defendants' properly supported facts and disregarded Friend's additional facts that lacked evidentiary support. The district court judge then entered summary judgment in favor of both the School District and IHSA defendants, disposing of all of Friend's claims.

Friend challenges this decision on appeal, and he challenges the district court judge's determination that he failed to comply with Local Rule 56.1. For the following reasons, we affirm.

At the outset, we note that a lengthy recitation of the facts is not necessary to our resolution of Friend's appeal. For the record, in both the district court and on appeal, makes our discussion of the merits of the district court judge's summary judgment decision of necessity *quite* limited. That being said,

---

[1] The individual School District defendants are James Mitchem, Jr., James Boudoris, Jeffery Bambule, Robert Brost, Alec Anderson, Paul Gammichia, and Art Pahl.

we dive right into Friend's procedural challenge to the district court's enforcement of Rule 56.1.

### I. The District Court's Rule 56.1 Determination

Northern District of Illinois Rule 56.1(a)(3) requires a party moving for summary judgment to include with that motion "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law[.]" This statement must be organized by numbered paragraphs and refer to the "affidavits, parts of the record, and other supporting materials" that substantiate the asserted facts. *Id.* Both the School District and IHSA defendants, as movants for summary judgment, complied with Rule 56.1. Friend, the party opposing summary judgment, was required to respond to each numbered paragraph and, in the case of any disagreement, provide "specific references to the affidavits, parts of the record, and other supporting materials relied upon[.]" *Id.* 56.1(b)(3)(B). As a penalty for noncompliance, the Rule provides that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id*. 56.1(b)(3)(C).

The district court found that both Friend's response to the defendants' statements of material facts and Friend's statement of additional facts failed to comply with Rule 56.1. Because of this failure, the court deemed Friend to have "admitted all of the properly supported facts asserted by defendants and disregard[ed] any fact he asserted for which he did not provide evidentiary support." Friend contends that this decision was in error. We review the district court's enforcement of the local

rules for an abuse of discretion. *F.T.C. v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). Because "local rule[s] of a federal district court [are] written by and for district judges to deal with the special problems of their court," we are inclined to "give a district court's interpretation of his [or her] local rules … considerable weight." *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 810 (7th Cir. 2005) (citation omitted).

Friend argues that the facts the district court deemed admitted "were amply contested" and "supported by references to the record, specifically to depositions submitted by [d]efendants." This is simply not the case. The district court deemed Friend to have admitted the facts asserted in twenty-one paragraphs from the defendants' statements of material facts. For eighteen of these paragraphs, Friend did not provide *any* citation to appropriate record evidence in support of his denial. *See, e.g.*, *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) ("[W]here a non-moving party denies a factual allegation by the party moving for summary judgment, that denial must include a specific reference to the affidavit or other part of the record that supports such a denial."). As for the other three paragraphs, Friend provided a citation to the record, but none of these citations support the denials. Plainly stated, the district court did not abuse its discretion in deeming these facts admitted.

Friend's statement of additional facts is also deficient. As the district court found, Friend failed to cite or submit evidence in support of nearly all of the additional facts he asserted. At times, Friend's statement of additional facts goes on for pages without providing a single citation to the record (for example, paragraph 28 spans two pages, or more, and does not provide

a citation in support of any of the numerous factual statements made therein). At other times, Friend provides citations, but the citations provided are wholly inadequate. Throughout his statement of additional facts, Friend cites to depositions without identifying the corresponding deponent or the specific page number(s) on which the asserted fact can be found. *See Ammons*, 368 F.3d at 818 ("A court should not be expected to review a lengthy record for facts that a party could have easily identified with greater particularity."). All in all, Friend's efforts cannot be considered compliant, let alone strictly compliant, with the requirements of Rule 56.1. *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) ("[W]e have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment."). Accordingly, the district court did not abuse its discretion in disregarding the facts contained in Friend's statement of additional facts that were not supported by proper citations to the record.

Having determined that the district court did not err in finding that Friend violated Rule 56.1, we turn to the record on appeal and the district court's summary judgment determination.

## II.  The District Court's Summary Judgment Determination

The district court entered summary judgment in favor of the School District and IHSA defendants on each of Friend's six claims: First Amendment retaliation, equal protection (class of one), substantive due process, unconstitutional policy or custom (*Monell*), § 1983 conspiracy to violate his constitutional

rights, and indemnification under the Illinois Tort Immunity Act, 745 ILCS 10/9-102. We review a district court's grant of summary judgment *de novo*, construing all facts and reasonable inferences in the light most favorable to Friend, the nonmoving party. Summary judgment is appropriate when there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Federal Rule of Appellate Procedure 28(a)(8)(A) states that the argument section of a brief must contain "citations to the authorities and parts of the record on which the appellant relies[.]" But Friend's brief, over the course of eighteen pages, provides precisely six citations for factual assertions. These citations, which principally refer to deposition testimony, do not designate the specific page number(s) from the record or cited deposition transcript where the asserted facts may be found. Nor does Friend provide citations on a fact-by-fact basis. Instead, he affixes citations to the end of paragraphs, each of which contain numerous factual assertions. Further complicating things, all but one of Friend's six citations reference multiple depositions, preceded by the introductory signal "See" (the other citation in Friend's brief is to a fifty-six page deposition). For example, page fifteen of Friend's brief contains a citation that reads "See Dkt. 133-1, 137-1, 138-1, 139-1"—the four documents referred to in this citation are depositions, which range from 101 to 169 pages long. We are not required to scour through hundreds of pages of deposition transcript in order to verify an assortment of facts, each of which could be located anywhere within the multiple depositions cited. As we have cautioned time and again, "[j]udges are not like pigs, hunting for truffles buried in [the record]." *United*

*Sates v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *see also Corely v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1001 (7th Cir. 2004) ("[W]e will not root through the hundreds of documents and thousands of pages that make up the record here to make his case for him.").

The situation would not be so bleak if we could refer back to Friend's statement of facts in order to verify the factual assertions that he makes in his argument. *See* Fed. R. App. P. 28(a)(6) (requiring appellant's opening brief contain "a concise statement of the case; setting out the facts relevant to the issues submitted for review … with appropriate references to the record"). But Friend does not provide a statement of facts compliant with Federal Rule of Appellate Procedure 28(a)(6). Instead, he merely directs our attention, "for the ease of analysis," to his Rule 56.1 statement—the same statement of facts that the district court found, and we confirmed, to suffer from want of citation to evidentiary support. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702 (7th Cir. 2010) ("the [Federal Rules of Appellate Procedure] require litigants to cite directly to the record, as opposed to something like a Rule 56.1 statement").

Appellate briefs must contain an argument consisting of more than a generalized assertion of error. Fed. R. App. P. 28(a); *Correa v. White*, 518 F.3d 516, 517 (7th Cir. 2008) (stating the Federal Rules of Appellate Procedure require that an appellant "explain adequately why [he or] she believes the district court erred in granting summary judgment"); *Jones v. InfoCure Corp.*, 310 F.3d 529, 534 (7th Cir. 2002); *Anderson v. Handman*, 241 F.3d 544, 545 (7th Cir. 2001). But, excepting his First Amendment retaliation claim, Friend does not inform us

why the district court erred in granting summary judgment. In fact, the sections of Friend's brief dedicated to his equal protection, substantive due process, *Monell*, and § 1983 conspiracy claims all fail to reference the district court judgment whatsoever.[2] Nor could these sections respond to the district court's decision, since each section is directly copied and pasted, essentially word for word from Friend's response to the defendants' motion for summary judgment.

Because Friend violated Rule 28, we strike all portions of his argument section that rely on unsupported facts or fail to identify a specific error in the district court's decision. As a result, the only issue remaining for our review concerns Friend's First Amendment retaliation claim.

Friend's First Amendment retaliation claim can be briefly summarized as follows: the School District and IHSA defendants singled Friend out for residency investigations, which rendered him ineligible to participate in high school basketball for approximately ten days, because his mother lodged complaints with the School District. The district court granted summary judgment to the defendants, holding that Friend's First Amendment retaliation claim failed because: (1) the speech underlying his claim was not his own, but that of his mother, and (2) the defendants' allegedly retaliatory actions, investigating Friend's residency, were prompted by third-party complaints that he was violating the School District's residency rules.

---

[2]  Friend's appellate brief does not mention his Illinois Tort Immunity Act claim whatsoever. As a result, this point is forfeited. *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378 (7th Cir. 2012).

Friend challenges the first ground on which the district court entered summary judgment against him; he does not contest the second. This is fatal to his appeal, since each ground constitutes an adequate and independent basis for entering summary judgment against him on his First Amendment retaliation claim. *See Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008) ("To prevail on their § 1983 retaliation claim, the parents need to prove (1) that they were engaged in constitutionally protected speech; (2) that public officials took adverse actions against them; and (3) that the adverse actions were motivated at least in part as a response to the plaintiffs' protected speech"). Indeed, Friend does not direct our attention to any facts tending to show that the School District's residency investigation was instigated by his mother's complaints, as opposed to those of third parties. And, as far as we can tell from our own review of the record, the undisputed facts support the district court's determination. Therefore, the district court did not err in granting summary judgment to the defendants on Friend's First Amendment retaliation claim.

## III.  CONCLUSION

For all of the aforementioned reasons, the district court's grant of summary judgment in favor of the School District and IHSA defendants is AFFIRMED.