NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2015[*]
Decided June 26, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3266

| | |
|---|---|
| DARRAL S. REED, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 12 C 5947 |
| ALLIED WASTE TRANSPORTATION, | |
| INC., and REPUBLIC SERVICES, INC., | Sharon Johnson Coleman, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Darral Reed appeals the grant of summary judgment for his former employer, Allied Waste Transportation, in this lawsuit claiming employment discrimination and retaliation in violation of state and federal law. (Republic Services, the parent corporation of Allied Waste, is also a defendant but had no role in the underlying events.) Reed alleges that he was subjected to unfavorable working conditions and eventually fired because of his race and for complaining about discrimination. The

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

district court concluded that Reed's evidence is inadequate to establish a prima facie case on his claims, and we agree with that assessment.

The underlying facts are not in dispute. Reed, who is African American, started working in 1997 as a commercial driver for Allied Waste. Ten years later, according to Reed, he complained about discrimination by contacting a supervisor and calling a corporate hotline. Then in March 2008 he suffered a work-related knee injury that required twice-weekly appointments with a physical therapist. Rather than allow Reed time off for those daytime appointments, Allied Waste transferred him to a nighttime work schedule. A few months later, in October 2008, Reed was fired after he accidentally damaged equipment at the site of one of Allied Waste's customers. A termination notice presented to Reed and placed in his personnel file explains that he was fired for failing to report the accident.

Reed, through counsel, then sued in July 2012. He alleged that Allied Waste had changed his work schedule and later fired him because of his race and his 2007 accusations of discrimination, in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), the Illinois Human Rights Act, *see* 775 ILCS 5/2–102(A), and 42 U.S.C. § 1981. But when the defendants moved for summary judgment, Reed did not respond properly to their statement of material facts or submit a statement of additional facts, as required by local rule. *See* N.D. ILL. L.R. 56.1(b)(3); *Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, No. 13-3307, 2015 WL 3644015, at *1–2 (7th Cir. June 12, 2015); *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014). The district court enforced that rule and thus adopted the factual representations in the defendants' statement of material facts. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006); *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). In that statement, the defendants assert that Allied Waste fired Reed because initially he lied about damaging the customers' property and admitted the truth only after a supervisor confronted him two days later.

The district court concluded that a jury could not reasonably find for Reed. The court first determined that Reed's harassment claim is time-barred because, the court reasoned, it rests on acts that occurred more than four years before he filed his complaint. And, the court continued, Reed had presented no evidence showing that he was meeting Allied Waste's legitimate performance expectations, that a similarly situated employee of another race was treated more favorably, or that Allied Waste's reasons for transferring him to nights or firing him were pretextual. Finally, the court explained, there is no evidence that Reed's complaints of discrimination caused Allied

Waste to change his schedule or fire him. The court did not address explicitly Reed's claim under the Illinois Human Rights Act, but nonetheless granted the defendants "summary judgment as a matter of law on all of Reed's claims." Reed moved for reconsideration, which the district court denied.

On appeal Reed is pro se, and he principally contends that his former attorney was deficient in not following Local Rule 56.1 and failing to adequately address the issues raised by the defendants at summary judgment. An attorney's performance, however, is not a basis for attacking a civil judgment. *Cavoto v. Hayes*, 634 F.3d 921, 924 (7th Cir. 2011); *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).

Reed also argues that the district court improperly granted summary judgment to the defendants on his discrimination claim. Reed first contends that his unsworn assertion that he promptly reported damaging the customer's equipment provided sufficient evidence of pretext to withstand summary judgment. But unsworn allegations are not evidence, *see* FED. R. CIV. P. 56(c)(1)(A), (e); *Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 894 (7th Cir. 2003), and we will enforce the district court's choice to demand strict compliance with Local Rule 56.1 by accepting Allied Waste's statement of material facts, to the extent that those facts are supported by evidence in the record, *see Friend*, 2015 WL 3644015, at *2–3; *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359–60 (7th Cir. 2009). And the company's statement of material facts shows that Reed was fired for not immediately reporting the accident.

Reed next contends that the district court erred by not crediting his evidence that Caucasian employees were treated more favorably. But Reed did not introduce evidence from which a jury could infer that any coworker was similarly situated. *See Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 330 (7th Cir. 2002); *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617–18 (7th Cir. 2000). Reed testified when deposed that a Caucasian driver had failed to report damaging a customer's concrete wall but still kept his job. Reed was not speaking from personal knowledge, though, and knew nothing of the circumstances except what he had heard from coworkers. What's more, Reed did not submit evidence that the Caucasian employee is "directly comparable" to him "in all material respects." *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012) (internal quotation marks omitted); *see also Cung Hnin v. TOA (USA), LLC*, 751 F.3d 499, 504–06 (7th Cir. 2014); *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 546–47 (7th Cir. 2002).

Similarly, Reed asserts that Caucasian employees were allowed to attend medical appointments during working hours and were not transferred to nights. But Reed's transfer to nights occurred more than four years before he filed his complaint, so a claim based on that transfer is time-barred. *See* 28 U.S.C. § 1658(a); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 268–69 (7th Cir. 2004). In any event, Reed admitted that he did not know the full extent of other employees' injuries or the frequency or length of their therapy appointments. That level of generality will not defeat a motion for summary judgment; what is necessary is evidence of concrete facts. *See Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 726 (7th Cir. 2004); *Gabrielle M. v. Park Forest-Chi. Heights, Ill. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003).

Finally, Reed challenges the denial of his motion to alter or amend the judgment. *See* FED. R. CIV. P. 59(e). But the district court did not abuse its discretion, given that Reed used the motion for reconsideration to rehash arguments the district court already had rejected. *See Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011); *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

AFFIRMED.