**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2015[*]
Decided June 26, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1668

| | |
|---|---|
| THELMA BROWN, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 12 C 5179 |
| WYNDEMERE LLC, | |
|     *Defendant-Appellee.* | Sara L. Ellis, |
| | *Judge.* |

**O R D E R**

Thelma Brown appeals the grant of summary judgment for her former employer, the nursing home Wyndemere LLC, in this suit under 42 U.S.C. § 1981 and the Illinois Human Rights Act, 775 ILCS § 5/1-101–5/10-104. She asserts that she was given additional work responsibilities and eventually fired because of her race. Brown failed to establish a *prima facie* case of race discrimination, however, and so we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal is therefore submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

Because Brown's summary-judgment submissions failed to comply with the district court's Local Rule 56.1, the court adopted Wyndemere's version of facts. We follow the same course on appeal. See *Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, No. 13-3307, 2015 WL 3644015 at *2–3 (7th Cir. June 12, 2015); *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1108–09 (7th Cir. 2004).

Wyndemere hired Brown as a Life Activity Partner in May 2010 to plan and lead activities for its senior-citizen residents. Her job duties included completing and submitting assessments to the Illinois Department of Public Health about residents' participation in activities within 72 hours of their admission to the nursing home, in order to ensure compliance with state regulations.

During Brown's ten months of employment, Wyndemere disciplined her for three types of infractions—submitting assessments late, yelling at coworkers, and showing favoritism among residents. In September 2010, Brown was disciplined orally for submitting late assessments and then in writing for yelling at a coworker. In October, Brown's supervisor admonished her in writing that two of her assessments were late, even after the supervisor had emailed a reminder to all employees about the importance of submitting activity assessments to the state agency within 72 hours of a resident's admission. In January 2011, Brown's supervisor sent her a final written warning, informing her that she would be fired if she continued to submit incomplete and inaccurate documentation (including assessments). Brown later failed to submit six assessments in a timely manner, and in February Wyndemere fired her for not completing her assigned tasks.

Brown sued Wyndemere under § 1981 and the Illinois Human Rights Act, asserting that she was fired and subjected to retaliation because of her race. (Brown has dropped her retaliation claim on appeal, and so we mention it no further.) Brown asserted that Wyndemere treated three employees more favorably than her, including a white employee, Patricia Stuart, who Brown says slept on the job and failed to complete her assessments on time yet was not fired for an entire year.

The district court granted summary judgment for Wyndemere. The court found that Brown failed to comply with Local Rule 56.1, see N.D. ILL. CIV. L.R. 56.1(b)(3), and it thus accepted as true the facts submitted by Wyndemere that Brown had not properly disputed. The court, noting overlap in the standards used to analyze discrimination claims under both § 1981 and the Illinois Human Rights Act, concluded that Brown did not establish a *prima facie* case of discrimination under the indirect method of proof, see *McDonnell Douglas Corp v. Green*, 411 U.S. 782, 802 (1973), because she did not identify a

similarly situated, non-African-American employee who received better treatment. Stuart was not a proper comparator, the court explained, because she was counseled for similar behavior and ultimately fired. And even if Brown could establish a *prima facie* case, she presented no evidence disputing Wyndemere's nondiscriminatory reason for firing her—that she had not timely completed her assigned assessments.

On appeal Brown first challenges the district court's decision to strike her proposed findings of fact. In her view, because she is a *pro se* litigant, she should have been allowed to "correct" any filing that was deemed deficient. But a district court is entitled to enforce its local rules, even against *pro se* litigants. See *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Brown had notice of these rules, having been informed by Wyndemere that it planned to move for summary judgment and that she would have to comply with local rules in responding to its motion, including Local Rule 56.1. See *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992).

On the merits, Brown maintains that the district court ignored evidence showing that coworker Patricia Stuart was similarly situated yet was treated more favorably. But the district court correctly concluded that Stuart was not a proper comparator. While similarly situated employees need not be identical to the plaintiff in every way, see *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012), an employee who does not have a disciplinary history and performance record similar to the plaintiff's is not "similarly situated," see *Amrhein v. Health Care Service Corp.*, 546 F.3d 854, 860 (7th Cir. 2008); *Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 560 (7th Cir. 2007). Brown's five total reprimands reflect a more extensive disciplinary record than Stuart's. On only one occasion, Stuart had been reprimanded orally for filing a late assessment, gossiping, and using a cell phone at work; she was also reprimanded once in writing for sleeping during work.

Brown also argues that the district court overlooked the pretext behind Wyndemere's reason for firing her. She maintains that discrimination can be inferred from the unusually burdensome activities assigned to her in comparison to those given to her coworkers, as well as from her supervisor's refusal to help her complete assessments, despite assisting others. But because Brown failed to establish a *prima face* case of race discrimination, we need not reach the issue of pretext. See *Huang v. Continental Cas. Co.*, 754 F.3d 447, 451 (7th Cir. 2014); *Brummett v. Lee Enters., Inc.*, 284 F.3d 742, 744 (7th Cir. 2002).

AFFIRMED.