**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2015[*]
Decided July 22, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1337

| | |
|---|---|
| TUBONIMI BOB-MANUEL, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 C 750 |
| CHIPOTLE MEXICAN GRILL, INC., *Defendant-Appellee*. | Rubén Castillo, *Chief Judge*. |

**O R D E R**

After a six-day trial, a jury ruled that Tubonimi Bob-Manuel, a Nigerian-born, United States citizen, did not show race- or national-origin based discrimination by his former employer, Chipotle Mexican Grill. *See* 42 U.S.C. §§ 1981, 2000e-2. Bob-Manuel appeals that verdict, but he does not develop an argument challenging the jury's ruling or any of the district court's decisions. Accordingly, we dismiss this appeal.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

The following facts are presented in a light consistent with the jury's verdict. *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 843 (7th Cir. 2014). Bob-Manuel worked for three years at a Chipotle restaurant in Oak Park, Illinois, and repeatedly was reprimanded for poor performance and insubordination. He worked under four different managers, all of whom, he said, discriminated against him by among other things mocking him, unfairly reprimanding him, denying him training and opportunities for advancement, and imposing harsher work conditions on him than on his white and Hispanic coworkers. This mistreatment, he said, worsened after he filed an administrative charge with the Equal Employment Opportunity Commission. Later he received a disciplinary citation for tardiness and was told that it was "the last write up." He eventually was fired after an incident in which a manager reported that he threw dishes in the kitchen, acted disrespectfully, and violated food-safety protocols.

Bob-Manuel, proceeding on appeal pro se, has filed a voluminous brief that recites a litany of grievances against Chipotle. But his "statement of the issues," *see* FED. R. APP. P. 28(a)(5), has little to do with what happened at trial, and he does not develop any of these issues into arguments, *see id.* 28(a)(8). Further, half of the 28-page fact section duplicates paragraphs elsewhere in the brief, and nowhere does he provide citations to the record. *See id.* 28(a)(6), 28(e). Although we construe pro se briefs generously, an appellate brief still must contain a cogent argument and reasons supporting it, with citations to relevant authority and parts of the record on which the appellant relies. *See Friend v. Valley View Comm. Sch. Dist. 365U*, No. 13-3307, 2015 WL 3644015, at *4 (7th Cir. June 12, 2015); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). Even after Chipotle pointed out the absence in Bob-Manuel's brief of any coherent appellate argument, he submitted nothing in reply. Finally, to the extent that Bob-Manuel now suggests that the district court impermissibly permitted Chipotle to exercise two peremptory challenges on racial grounds, we cannot review any such contention because he failed to provide a transcript of voir dire. *See* FED. R. APP. P. 10(b)(2); *RK Co. v. See*, 622 F.3d 846, 852–53 (7th Cir. 2010); *United States v. Brody*, 705 F.3d 1277, 1280–81 (10th Cir. 2013).

DISMISSED.