NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 19, 2019[*]
Decided March 5, 2019

*Before*

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1626

| | |
|---|---|
| JOHN V. NORRIS, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14-cv-1651 |
| OTTO SERRATO, *et al.*, <br> *Defendants-Appellees*. | Robert M. Dow, Jr., *Judge*. |

## O R D E R

John Norris attempted to leave a grocery store without paying for four steaks, but the manager of the store detained him and called the police. The police arrested Norris after discovering that there was an outstanding warrant for his arrest on an unrelated matter. In this lawsuit under 42 U.S.C. § 1983, Norris sued the store, the store manager, the officers involved in his arrest, and the City of Joliet, who employed them,

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. CIV. P. 34(a)(2)(C).

for multiple constitutional and state-law violations.[1] Norris now appeals the district court's entry of summary judgment for the officers, but we affirm the judgment.

Before recounting the facts, we address Norris's argument that the district judge improperly limited the summary-judgment record. After the defendants filed their motion for summary judgment and proposed statement of undisputed facts, *see* N.D. ILL. L.R. 56.1(a)(3), Norris was required to respond "to each numbered paragraph … including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon," *id*. 56.1(b)(3). Under the rule, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id*. Norris disagreed with some of the defendants' proposed facts, but he failed to cite evidence in the record to contradict them. For example, the defendants stated that the store manager "showed [the officer] the packages of steak that he witnessed the Plaintiff attempt to steal." They cited the manager's affidavit and the officer's affidavit. Norris responded, without citing evidence: "Plaintiff disputes this false statement. What meat? Where's the beef?" The district judge thought Norris's denials were insufficient, so he deemed admitted those facts that Norris disputed without citing contrary evidence. *See Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 710 (7th Cir. 2015).

Norris now contends that he properly disputed the defendants' statement of proposed facts with evidence, namely, his attestation that he did not try to shoplift four steaks from the store and that he has "never seen" the steaks. But Norris's argument is without merit; his responses were largely devoid of citations to the record, and the district judge was correct that, in the one response containing citations to the record, the cited materials do not support his denial. The district judge was entitled to demand compliance with the local rules, even from a pro se litigant. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 607–08 (7th Cir. 2008). We therefore see no abuse of discretion in the district judge's decision, *see Friend*, 789 F.3d at 710, so our factual summary likewise is limited to the material facts that were properly supported with admissible evidence.

---

[1] We recently upheld the filing restrictions leveled on Norris by the Executive Committee of the U.S. District Court for the Northern District of Illinois. *See In re Norris*, No. 18-2038, 2019 WL 479448 (7th Cir. Feb. 7, 2019). Those restrictions remain in place, but Norris filed this case before they took effect.

Officer Otto Serrato responded to a call from the manager of a Certified Warehouse Foods grocery store. When he arrived, the manager told Serrato that he had seen Norris place four steaks inside his jacket and attempt to leave the store without paying. The manager then recounted that he had asked Norris to accompany him to his office and that Norris, once there, had removed the steaks from his jacket. He also showed Serrato the steaks and had the cashier generate a receipt for the meat to determine the value.

Serrato then called the Joliet police station and learned that there was an outstanding warrant for Norris's arrest for failing to appear at a court date for driving while intoxicated. Based on the outstanding warrant and the manager's account of Norris's actions, Serrato arrested Norris. Officer John Williams then arrived at the scene and transported Norris to the Joliet Police Department. Serrato stayed behind and completed his investigation. At the police station, Sergeant Robert Hall was on duty as a supervising officer. Hall signed Serrato's report of the incident to certify its completeness (but not its factual accuracy). Norris remained in custody—though the record does not show for which charge—until he was released eleven months later on bail. Norris was tried in state court for retail theft, and a jury found him not guilty.

Norris then filed this suit against Serrato, Williams, and Hall for violating his Fourth Amendment rights; he labeled the counts of his complaint "false arrest," "false imprisonment," "failure to intervene," "Malicious Prosecution #1," and "Malicious Prosecution #2 (fabricated evidence)." (He also sued the store manager and the store under state law for the same alleged violations and brought state-law claims against the officers and the City. But in his appellate brief, Norris expressly abandons his state-law claims against the officers and the City and all his claims against the store and the store manager. He also does not argue that the City can be held liable under federal law, so we do not address those claims further.[2]) He asked Judge Darrah five times to recruit counsel before the defendants moved for summary judgment and, after the case was reassigned to Judge Dow, asked Judge Dow to recruit counsel to complete discovery and for trial. Judge Darrah denied each request, twice after a hearing, as did Judge Dow. The judges noted that Norris was an experienced litigator whose filings were comprehensible and concluded that he could litigate the case himself.

---

[2] The district court declined to exercise supplemental jurisdiction over Norris's state-law claims because his federal claims were resolved before trial. *See Dietchweiler ex rel. Dietchweiler v. Lucas*, 827 F.3d 622, 630–31 (7th Cir. 2016).

Judge Dow granted the police officers' motion for summary judgment. Norris's false arrest and false imprisonment claims failed, the judge concluded, because the outstanding warrant gave Officer Serrato probable cause to arrest Norris. *See Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007). Norris's first malicious prosecution claim was foreclosed, the judge explained, because he could pursue a malicious prosecution claim in state court. *See Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015). And although the use of fabricated evidence can sometimes lead to a constitutional violation, Norris failed to identify a single false statement or piece of evidence that was used by the officers to deprive him of liberty. Therefore, the judge determined, Norris's "Malicious Prosecution #2 (fabricated evidence)" claim was undeveloped and waived. Finally, the judge concluded that without an underlying constitutional violation, none of the defendants could be liable for failing to intervene. *See Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016). Our review is de novo. *See Brunson v. Murray*, 843 F.3d 698, 704 (7th Cir. 2016).

On appeal Norris contends that the officers lacked probable cause to arrest him because (1) the store manager's story was "fishy," (2) the officers did not follow all the procedural requirements of state law necessary to confirm the existence of the steaks, and (3) the outstanding warrant for his arrest "cannot be duct taped" to his alleged conduct at the store, which we understand as a contention that the officers could arrest him at the store only if they had probable cause to arrest him for retail theft.

Norris's contentions are meritless. As the district court noted, probable cause is an absolute defense to claims under section 1983 against police officers for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention. *See Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015). And because probable cause is an objective standard, Norris's arrest was lawful if Officer Serrato had probable cause to arrest him for *any offense*, regardless of the reason the police were called or the reason given for the arrest. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 584 n.2 (2018); *Devenpeck v. Alford*, 543 U.S. 146, 153–55 & n.2 (2004). The existence of an outstanding warrant shows that a judge has found probable cause, and an arrest is proper when a warrant is based on probable cause. Norris's subsequent acquittal on the retail-theft charge does not undermine that conclusion. *See Brunson*, 843 F.3d at 708–09; *United States v. Thornton*, 463 F.3d 693, 698 (7th Cir. 2006); *Beauchamp v. City of Noblesville*, 320 F.3d 733, 745 (7th Cir. 2003). Moreover, Norris's argument that the officers did not follow the requirements of state law is unavailing; the constitutionality of a seizure does not depend on whether the officers followed state law. *See Virginia v. Moore*, 553 U.S. 164, 176 (2008).

Norris next challenges the district court's ruling on his claim of "malicious prosecution" based on fabricated evidence. He contends that he raised a factual question about whether the purportedly stolen steaks existed. The district judge appears to have applied due-process principles to the claim that the officers used fictitious steaks to detain Norris, but we have recently clarified that claims for wrongful pretrial detention are analyzed under the Fourth Amendment in light of *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017). *See Lewis v. City of Chicago*, 914 F.3d 472, 477–78 (7th Cir. 2019). Because there is no malicious-prosecution claim under § 1983, our conclusion that the arrest was supported by probable cause wraps up the substantive portion of this appeal.

Norris's final argument on appeal is that the district judges abused their discretion in denying his motions to recruit counsel. Norris filed all but one of his motions before the defendants moved for summary judgment (*i.e.*, before the procedural mishaps that tripped him up later), and the one motion he filed later asked for counsel *at trial*. In response to Norris's first motion to recruit counsel, Judge Darrah applied the correct legal standard, *see Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc), and reasonably concluded that, based on the quality of Norris's filings and his ability to present his arguments clearly, he could adequately litigate his relatively simple case. In ruling on each of Norris's subsequent motions, Judge Darrah, in his written orders, again applied the correct standard and, noting also that Norris is an experienced litigator, came to the same conclusion. Judge Dow gave the same reasons for not recruiting counsel. As for Norris's request to have counsel at trial, Judge Dow denied the request without prejudice, and we see no abuse of discretion in the judge's decision not to enlist trial counsel before the need for a trial was established.

To the extent that Norris contends that either Judge Darrah or Judge Dow failed to consider the proper standard in making oral rulings, he has forfeited this argument because he did not order transcripts of the hearings and include them in the record on appeal, as was his responsibility. *See Hicks v. Avery Drei, LLC*, 654 F.3d 739, 743–44 (7th Cir. 2011); FED. R. APP. P. 10(b). Finally, Norris does not attempt to convince us that there is "a reasonable likelihood that the presence of counsel would have made a difference in the outcome." *See Pruitt*, 503 F.3d at 659.

We have considered Norris's other arguments, but they are groundless. The judgment of the district court, therefore, is AFFIRMED.