**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 1, 2022[*]
Decided April 8, 2022

*Before*

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1618

| | |
|---|---|
| PATRICIA ANN BRECKENRIDGE, | Appeal from the |
| *Plaintiff-Appellant*, | United States District Court for the |
| | Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 21 C 674 |
| ROGER GOODELL, | |
| *Defendant-Appellee*. | Matthew F. Kennelly, |
| | *Judge*. |

**O R D E R**

Patricia Breckenridge says that she has a distant relative who played for the Cleveland Browns during the 2020–2021 season of the National Football League. Just days before the 2021 Super Bowl, she sued NFL Commissioner Roger Goodell, raising

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

essentially two claims. First, she asserted that the Browns were robbed of their "rightful place" in the Super Bowl game, and she sought an injunction requiring Goodell to place the Browns in the Super Bowl. She also asserted that the NFL should do more to protect players, like her relative, from helmet-to helmet collisions that lead to concussions.

Breckenridge sought to file her complaint without prepaying filing fees, and so the district judge screened the complaint under 28 U.S.C. § 1915(e)(2) and then dismissed it as frivolous. The judge also alluded to Breckenridge's reference to her relative's football-related injuries and stated that Breckenridge lacked standing to sue for harm to someone else.

On appeal Breckenridge generally challenges the judge's ruling but does not address his reasoning or make a cogent legal argument that could provide a basis for disturbing the judgment. *See* FED. R. APP. P. 28(a)(8); *Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 711–12 (7th Cir. 2015). Regardless, her claim about the Browns' defeat is legally frivolous, *see Denton v. Hernandez*, 504 U.S. 25, 31 (1992), and she lacks standing to bring a claim on behalf of football players who have suffered injuries, *see TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

AFFIRMED